UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>XAVIER PELKEY | No. 1:22-cr-00050-LEW |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The government respectfully submits this memorandum regarding the sole unresolved guideline issue in this case. Government counsel will address the statutory sentencing factors and provide its specific sentencing recommendation at the time of sentencing.

The Defendant, Xavier Pelkey, has pleaded guilty to conspiring to provide material support to terrorists, in violation of 18 U.S.C. § 2339A. He faces a maximum sentence of 15 years in prison. PSR ¶ 67. The Court may impose a supervised release term of any terms of years or life. PSR ¶ 70. A fine of up to $250,000 may be imposed, and a $100 special assessment is mandatory. PSR ¶¶ 74, 74. Restitution is not an issue in this case. PSR ¶ 78.

The revised PSR calculates Pelkey's advisory guidelines in the following way:

| | | |
|---|---|---|
| Base offense level | 33 | §§ 2X2.1, 2A1.5 |
| Federal crime of terrorism | +12 | § 3A1.4(a) |
| Adjusted Offense Level | 45 | |
| Acceptance of responsibility | 0 | § 3E1.1 |
| **Total Offense Level** | **43** | Sent'g Table n.2 |

PSR ¶¶ 27–35. By operation of the terrorism enhancement under § 3A1.4(b) of the Sentencing Guidelines, Pelkey's criminal history category is Category VI. PSR ¶ 44. The guideline sentence is life imprisonment, but because the statutory maximum sentence of 15 years in prison is less than the guideline sentence, Pelkey's guideline sentence becomes 180 months under § 5G1.1(a). PSR ¶ 68.

The government disagrees with one aspect of the PSR's offense level computation. Under the plea agreement in this case, the government has agreed to recommend that Pelkey receive a reduction in his offense level for acceptance of responsibility. The government continues to recommend this reduction.

Paragraphs 24, 25A and 46 of the Revised PSR discuss the basis for U.S. Probation's recommendation that Pelkey not receive credit for acceptance, including his assault on another inmate at the Somerset County Jail in January 2023 and several other disciplinary incidents between March 2022 and October 2022. There is no question that Pelkey's assault, for which he is rightfully being prosecuted in state court, was quite troubling. His other disciplinary issues, while relatively less severe, were also disruptive and evinced Pelkey's seeming unwillingness to accept authority.

On the other side of the ledger, in April of this year, after all of the incidents described in Paragraphs 24, 25A and 46 had occurred, Pelkey pleaded guilty to conspiring to provide material support for terrorists, an offense for which he faces up to 15 years in prison at age 19. In pleading guilty, Pelkey unreservedly agreed to the accuracy of a detailed Prosecution Version that described his role in a plot to commit a mass shooting at a mosque in Illinois. Although "[a] defendant who enters a guilty plea is not entitled to an adjustment [for acceptance] as a matter of right," Pelkey's entry of a guilty plea and his admission to the details of his offense are significant evidence of his

acceptance of responsibility. U.S. Sent'g Guidelines Manual § 3E1.1 cmt. n.3 (U.S. Sent'g Comm'n 2021).

In the government's view, it is also relevant that all of the incidents described in the Revised PSR occurred prior to Pelkey being offered a plea agreement or pleading guilty, and that according to jail personnel his behavior has improved. PSR ¶ 25A. It is clear that in deciding whether to reduce a defendant's offense level for acceptance of responsibility the Court may consider the defendant's "conduct after he has been charged, regardless of whether said conduct took place before or after the defendant pleading guilty." *United States v. D'Angelo*, 802 F.3d 205, 211 (1st Cir. 2015); *see also United States v. McCarthy*, 32 F. 4th 59, 64 (1st Cir. 2022) ("[w]e consistently have rejected the view that only post-plea conduct is relevant to assessing a defendant's acceptance of responsibility under section 3E1.1"). At the same time, "[w]hether a defendant has sincerely accepted responsibility for his crime is a fact-intensive inquiry that involves the balancing of a variety of factors." *McCarthy*, 32 F.4th at 65. On balance, while the government in no way condones or excuses Pelkey's pre-plea behavior, it submits that the totality of the circumstances supports a downward adjustment for acceptance of responsibility in this case.[1]

---

[1] The government also notes that no matter how the Court resolves the issue of acceptance of responsibility, Pelkey's guideline sentence will remain at 180 months. If Pelkey's offense level is reduced by three levels under § 3E1.1 to level 42, his advisory guidelines range would normally be 360 months to life, but because the statutory maximum punishment is 15 years, under § 5G1.1(a) his guideline sentence becomes the statutory maximum.

## CONCLUSION

The government respectfully recommends that Pelkey's advisory guidelines include credit for acceptance of responsibility.

Respectfully submitted,

DARCIE N. MCELWEE
UNITED STATES ATTORNEY


By:   /s/ Craig M. Wolff
Craig M. Wolff
Assistant United States Attorney

Dated: September 22, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2023, I electronically filed the above **Government's Sentencing Memorandum** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Christopher K. MacLean, Esq.**
**chris@dirigolawgroup.com**

DARCIE N. MCELWEE
UNITED STATES ATTORNEY

 /s/ Craig M. Wolff
Assistant United States Attorney
United States Attorney's Office
100 Middle Street
Portland, Maine 04101
(207) 780-3257
craig.wolff@usdoj.gov